**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:1:23-cv-00025
HEIDI MYERS,

    Plaintiff,

v.

NSF INTERNATIONAL,

    Defendant.

---

## AMENDED NOTICE OF REMOVAL

Defendant NSF International ("NSF") by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the District Court, Boulder County, Colorado Case No. 22-CV-30389, to the United States District Court for the District of Colorado. In addition to removing this matter, NSF specifically reserves its right to assert any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure. As grounds for this amended removal, NSF states as follows:

**A.    Procedural Background.**

1. Plaintiff Heidi Myers ("Plaintiff") filed a Complaint and Jury Demand ("Complaint") on or about December 6, 2022, and an Amended Complaint and Jury Demand ("Amended Complaint") on or about December 7, 2022, against NSF in the District Court, Boulder County, Colorado, Case No. 22-CV-30389 (the "State Court Action"). (Exhibits A-4, Complaint and A-6, Amended Complaint.) A Waiver and Acceptance of Service was filed on December 19, 2022. (Exhibit A-7, Waiver and Acceptance of Service.)

2.      A copy of all process, pleadings, and orders served upon NSF in the State Court Action is attached as Exhibit A. The Complaint and Amended Complaint assert causes of action for pregnancy and sex discrimination and retaliation in violation of the Colorado Anti-Discrimination Act. (Exhibit A-6, ¶¶ 62-97.)

**B.     Grounds for Removal.**

3.      This Court has original jurisdiction over this action by virtue of 28 U.S.C. § 1332 and it may be removed by NSF under the provisions of 28 U.S.C. § 1441(b) because it is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

4.      For removal purposes, "a person is a citizen of a state if that person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)).

5.      According to her Complaint and Amended Complaint, Plaintiff is domiciled in the State of Colorado. (Exhibits A-4 and A-6, ¶ 1.)

6.      A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation has its principal place of business where its high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

7.      NSF is incorporated under the laws of the State of Michigan and maintains its headquarters and principal place of business in the State of Michigan, making NSF a citizen of the

State of Michigan within the meaning of Section 1332. (Exhibit B, Declaration of Karen Kreza, ¶ 5.)

8. Accordingly, Plaintiff and NSF are citizens of different states.

9. Because Plaintiff and NSF are citizens of different states, this is a civil action in which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332. As such, removal is proper because the Court has diversity jurisdiction.

10. In addition, pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over Plaintiff's claims because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

11. To determine the amount in controversy, federal courts first look to the allegations in the complaint. *See e.g.*, *Klein Frank, P.C. v. Girards*, No. 12-cv-01843-PAB-KMT, 2012 WL 6720687, at *1-2 (D. Colo. Dec. 27, 2012). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *See Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

12. The defendant does not, however, have to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *McPhail*, 529 F.3d at 955-56. "The amount in controversy is not proof of the amount that the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of litigation." *Id*. at 956.

13. Here, Plaintiff alleges in her Amended Complaint that NSF unlawfully denied her the position of Director of Global Talent Acquisition. (Exhibit A-6, ¶ 9.) The expected salary for this position was $185,000-200,000 annually with a twenty percent bonus. (Exhibit A-6, ¶ 23; Exhibit B, ¶ 6.)

14. Plaintiff alleges that she seeks several measures of damages, including the following: "Actual economic damages," "Compensatory damages," "Front pay," "Punitive damages," "Pre-judgment and post-judgment interest," "A tax penalty offset" and "Attorney's fees." (Exhibit A-6, pp. 14-15.)

15. Plaintiff was denied the position over a year ago; therefore her claimed "actual economic damages" alone exceed $185,000 at a minimum, without even taking into account her claims for compensatory damages, front pay, punitive damages, interest, penalties, and attorney's fees.

16. In addition, Plaintiff filed in the State Court Action a Notice pursuant to Colorado Rule of Civil Procedure 16.1 confirming she seeks in this lawsuit a monetary judgment of over $100,000 against NSF. (Exhibit A-2, Notice That C.R.C.P. 16.1 Simplified Procedure Does Not Apply.)

17. The amount in controversy, thus, exceeds the $75,000 threshold, and the matter is removable pursuant to 28 U.S.C. § 1332.

**C.    This Removal Is Timely Filed.**

18. NSF was served with the summons and Complaint on December 19, 2022, pursuant to a Waiver and Acceptance of Service filed with the District Court, Boulder County, Colorado. (Exhibit A-7.)

4

19. NSF is filing this Notice of Removal within thirty days of receipt of Plaintiff's Complaint. Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b)(1).

**D.  This Court Is a Proper Venue for Plaintiff's Claims against NSF.**

20. Pursuant to 28 U.S.C. § 1441(a), any civil action commenced in a state court asserting a claim over which the District Courts of the United States have original jurisdiction may be removed to the United States District Court embracing the state court where the action is pending.

21. This District Court's geographical jurisdiction encompasses Boulder County, Colorado.

22. Therefore, this Court is a proper venue for this lawsuit.

**E.  Jurisdictional Prerequisites to Removal Have Been Met.**

23. NSF has heretofore sought no similar relief.

24. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings and orders served upon" NSF are attached to this notice as Exhibits A-1 through 7. There have been no other process, pleadings, or orders served on NSF to date in this case.

25. Pursuant to 28 U.S.C. § 1446(d), NSF is giving written notice of this removal to Plaintiff and will also promptly file a copy of the notice with the clerk of the District Court for Boulder County.

26. For the foregoing reasons, the State Court Action may be and hereby is properly removed to this Court. *See* 28 U.S.C. §§ 1441 and 1446.

27. In filing this Notice of Removal, NSF reserves any defenses available to it in this action.

WHEREFORE, Defendant NSF International hereby removes this action from Colorado District Court, Boulder County to the United States District Court for the District of Colorado.

Respectfully submitted this 5th day of January 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Michael H. Bell*
Michael H. Bell
Rebecca M. Lindell
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO 80222
Telephone: 303.764.6800
Facsimile: 303.831.9246
mike.bell@ogletree.com
rebecca.lindell@ogletree.com

*Attorneys for Defendant NSF International*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 5th day of January, 2023, a true and correct copy of the foregoing **AMENDED NOTICE OF REMOVAL** was filed using the Court's CM/ECF system and notifications will be sent via email to counsel for Plaintiff:

Iris Halpern
Ciara M. Anderson
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence St. 100
Denver, Colorado 80205
Telephone: (303) 578-4400
Facsimile: (303) 578-4401
ih@rmlawyers.com
ca@rmlawyers.com

*Attorneys for Plaintiff*

              *s/ Barbara J. Esquibel*
              Barbara Esquibel, Paralegal