IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil action No.: 1:23-cv-00025-RMR-KLM

HEIDI MYERS,

    Plaintiff,

v.

*See Pre-Scheduling Conf Order at #15*

NSF INTERNATIONAL,

    Defendant.

---

## [PROPOSED] SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference is set for February 16, 2023.

Plaintiff is represented by:

Iris Halpern and Ciara Anderson, RATHOD | MOHAMEDBHAI LLC, 2701 Lawrence Street, Suite 100, Denver, Colorado 80205. (303) 578-4400.

Defendant is represented by:

Michael H. Bell and Rebecca M. Lindell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2000 South Colorado Boulevard, Tower Three, Suite 900, Denver, Colorado 80222. (303) 764-6800.

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over Plaintiff's claims under the Colorado Anti-Discrimination Act pursuant to 28 U.S.C. § 1332.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff:** Plaintiff Heidi Myers has spent nearly two decades becoming a global leader in the field of Talent Acquisition ("TA"). With a breadth of experience under her belt in the global talent acquisition sphere, Ms. Myers was extraordinarily qualified for a job opportunity with the NSF as a Director of Global Talent Acquisition. Ms. Myers knew that pregnant or not, she was qualified and capable to become the Director of Global Talent Acquisition for a global public health and safety organization like NSF International ("NSF"). Thus, when applying for the position with NSF, she did not disclose her protected status as a pregnant woman until NSF told her it was putting a job offer together for her. Unfortunately, upon learning that Ms. Myers was pregnant and required leave at the time of or soon after starting her position, NSF discriminated and retaliated against Ms. Myers by refusing to hire her in violation of the Colorado Anti-Discrimination Act ("CADA"). Ms. Myers brings the following claims against Defendant NSF: (1) Unlawful Pregnancy Discrimination in violation of CADA; (2) Unlawful Sex-Stereotyping and "Sex-Plus" Discrimination in violation of CADA; and (3) Unlawful Retaliation in violation of CADA.

Defendant NSF asserts that Ms. Myers cannot establish a *prima facie* case because NSF hired a current employee, Danielle Cosgrove (a non-pregnant female who recently returned from maternity leave and did not require leave), instead of any outside candidate. To be clear, the relevant issue is ***not*** that NSF filled the global talent acquisition role with a current employee who

was not pregnant and did not need leave at the start of a new position. Rather, the issue is that NSF rescinded Ms. Myers' offer because she was pregnant and would need time off. In sum, NSF chose not to hire Ms. Myers when it learned she was pregnant and would require maternity leave. It does not matter that the company also did not hire other external candidates or chose to hire Ms. Cosgrove. The decision not to hire Ms. Myers on the basis of her pregnancy and requested maternity leave constitutes discrimination and retaliation under CADA, and Respondent's after-the-fact justifications are classic examples of pretext.

a. **Defendants:** Defendant NSF denies Plaintiff's allegations. Beginning in July 2021, NSF engaged a third-party recruiter, Debbie Shapiro of HR Connections Executive Search, to fill its vacant Senior Manager of Talent Acquisition position. After a few months, the position was revised to the upgraded role of Director of Global Talent Acquisition. In late October 2021, Ms. Shapiro sent Plaintiff's information, along with the information for several other candidates, to the two individuals at the Company who would make the hiring decision, Chief Human Resources Officer Karen Kreza and Principle Human Resources Business Partner and interim Global Talent Acquisition lead Danielle Cosgrove.

Over the next few weeks, multiple NSF employees had the opportunity to speak with Plaintiff and the other candidates. While much of the feedback from Plaintiff's interviews were positive, there were some red flags that Plaintiff demonstrated during the interview process. For example, Ms. Cosgrove noted that she was having a difficult time finding an interview timeslot that worked for both Plaintiff and Ms. Kreza. Ultimately, Ms. Cosgrove suggested a meeting on November 10, 2021 from 8:00 a.m. to 9:00 a.m. Eastern Standard Time or 6:00 a.m. to 7:00 a.m. Mountain Standard Time. Plaintiff replied, complaining that 6:00 a.m. was too early for a job

interview, and asked Ms. Cosgrove to propose additional times. Given that the role involved responsibility for talent acquisition on a *global* scale for NSF, Plaintiff's apparent lack of flexibility with different time zones indicated she might not be a good fit, and her response further suggested a lack of interest in the role.

Ms. Kreza ultimately had a chance to meet with Plaintiff. After this interview, Ms. Shapiro indicated to NSF that Plaintiff remained interested, but raised with NSF "challenges" with hiring Plaintiff, including concerns with Plaintiff's compensation expectations.

In the end, however, the Company never offered Complainant or *any other candidate* the position. Instead, due to budgetary reasons, NSF withdrew the job opening from the market and elected to have Ms. Cosgrove, who had been in the position on an interim basis, assume the duties of the role on a permanent basis. NSF thereafter informed the remaining candidates, including Plaintiff, that it would not be moving forward with their candidacy.

NSF did not discriminate or retaliate against Plaintiff because of her protected class. Rather, the Company simply never filled the Global Talent Acquisition position and Ms. Cosgrove, a current employee who recently returned from maternity leave without incident, continued to perform the role's duties.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. During all relevant times, Plaintiff Heidi Myers was and is domiciled in the State of Colorado in Jefferson County.

2. NSF is a foreign corporation duly registered with the Colorado Secretary of State and conducts business in Colorado.

3.      Plaintiff Heidi Myers applied for the Director of Global Talent Acquisition at NSF through a headhunter at HR Connectoins, Debbie Shapiro.

## 5. COMPUTATION OF DAMAGES

a.   **Plaintiff:** Plaintiff claims actual economic damages as established at trial; compensatory damages, including, but not limited to those for future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; pre-judgment and post-judgment interest at the highest lawful rate; attorneys' fees and costs; and such further relief as justice requires.

Without the benefit of discovery, the damage computations provided herein are preliminary estimates. Plaintiff's economic damages will be determined by an expert based on additional information received or obtained in discovery. Plaintiff's estimated economic damages between November 2021 and October 2022 for backpay wages is **$192,667.00.** Plaintiff does not have sufficient information to calculate benefits attributable to her damages but estimates them at 33% to be adjusted upon further discovery. Had Plaintiff been hired, her annual salary would have been $230,000 annually, and she would have received a 20% bonus in the amount of $46,000. Plaintiff was not employed between November 2021 and February 28, 2022. Between February 28, 2022 and October 14, 2022, Plaintiff worked at Omnicell and received a $15,000 starting bonus. While working at Omnicell, Plaintiff earned approximately $10,000 less in base salary per month than she would have received working at NSF, resulting in an $85,000 difference. Plaintiff has since taken an additional opportunity that provides similar wage levels as NSF, which fully mitigated her damages based on the information currently available.

Plaintiff seeks full compensatory and punitive damages of up to **$300,000**, given Defendant's employer size exceeding 500 employees. C.R.S. § 24-34-405(3)(d)(I); 42 U.S.C. § 1981a(b)(3)(D).

Plaintiff further seeks recoverable pre-judgment and post-judgment interests at the highest lawful rate, which is currently set at 8% (https://banking.colorado.gov/public-notices/interest-rates-set-by-the-bank-commissioner); an appropriate tax-offset which is dependent on any award Plaintiff receives at trial and shall be determined subsequently by the Court (*see, e.g., E.E.O.C. v. Beverage Distributors Co.*, LLC, 780 F.3d 1018, 1023-24 (10th Cir. 2015) (Tenth Circuit upholding tax penalty offset to make plaintiff whole in unlawful discharge case); attorney fees and costs where available, and such further relief as justice requires.

b. **Defendant:** Defendant does not seek to recover damages herein, but reserves the right to recover attorneys' fees and costs as permitted by statute or order of the Court.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting. February 1, 2023

b. Names of each participant and party he/she represented.

Plaintiff: Iris Halpern and Ciara Anderson.

Defendant: Michael H. Bell

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made: February 15, 2023.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e. Statement concerning any agreements to conduct informal discovery:

Counsel discussed methods of informal discovery during the Scheduling/Planning Conference, but the Parties have not arrived at any agreements regarding conducting informal discovery at this time.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

(1) Counsel have agreed that certain depositions may be conducted in person, by telephone, by Zoom, or by other virtual means consistent with reducing litigation burden and ensuring safety, but those specific depositions will need to be determined during the course of discovery and have not been identified yet.

(2) Counsel for the Parties also discussed and agreed to exchange documents using electronic means.

(3) The Parties have agreed to use a unified exhibit numbering system.

(4) The Parties have agreed to use a three-day conferral period prior to the issuance of any third-party subpoenas. Before serving a third-party subpoena, the Parties will provide a copy to the other side and allow three days for conferral over any disputes before the subpoena is served on the third party. Any dispute the Parties cannot resolve will be brought to the Court's attention pursuant to the applicable practice standards before the subpoena is issued. Both Parties agree to produce material subpoenaed from third party witnesses to the other party as soon as possible, but in any event no later than three days after receiving the materials.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Parties anticipate discovery of electronically stored information in this case. In order to approach ESI discovery collaboratively and in an efficient manner, the Parties are conferring regarding a proposed Electronically Stored Information Protocol to enter into as an order of the Court. Should any disputes arise in reaching a stipulated Protocol, the Parties agree to bring the dispute to the Court's attention under the applicable practice procedures.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The Parties discussed the possibility for prompt settlement during the Scheduling/Planning conference call and intend to explore the possibility fully and promptly.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Each side will be limited to 5 depositions. *25 Reps per side* [handwritten]

b. Limitations which any party proposes on the length of depositions.

Each deposition will be no longer than seven hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

The ~~Parties propose a limit of~~ 25 requests for production and 25 requests for admission per side.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

July 1, 2023 ~~July 17,~~ 2023.

e. Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

March 16, 2023.

b. Discovery Cut-off:

August 16, 2023.

c. Dispositive Motion Deadline:

October 2, 2023.

d. Expert Witness Disclosure:

1. The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff:: Plaintiff may endorse an expert to testify on Plaintiff's damages.

Defendant: Defendant anticipates retaining experts to rebut Plaintiff's expert opinions on the topics above.

2. Limitations which the parties propose on the use or number of expert witnesses.

Each side will be limited to no more than two affirmative expert witnesses, not including rebuttal experts. The parties propose rebuttal expert limitations of one rebuttal expert in response to each affirmative expert. *Parties are limited to one expert per area of subject matter expertise.*

3. The parties shall designate all ~~affirmative~~ experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) ~~90 days before the first day of trial~~. *July 1, 2023*

4. The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) ~~sixty days before trial~~. *August 1, 2023*

e. Identification of Persons to Be Deposed:

| Deponent | Estimated Time |
|---|---|
| NSF Rule 30(b)(6) designee | 7 hours |
| Heidi Myers | 7 hours |
| Karen Kreza | 7 hours |
| Danielle Cosgrove | 7 hours |
| Any witness disclosed or discovered during discovery. | TBD |

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: *As needed.*

b. A final pretrial conference will be held in this case on *a date TBD by Judge Rodriguez* at o'clock ___m.

A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

10

None.

b. Anticipated length of trial and whether trial is to the court or jury.

The Parties anticipate a four-day trial to a jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCiv.R. 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this [16th] day of February, 2023.

BY THE COURT

Kristen L. Mix
United States Magistrate Judge

APPROVED:

s/*Ciara M. Anderson*
Ciara M. Anderson, #55259
Iris Halpern, #53112
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence St. 100
Denver, Colorado 80205
(303) 578-4400 (t)
(303) 578-4401 (f)
ih@rmlawyers.com
ca@rmlawyers.com

*Attorneys for Plaintiffs*

s/ *Rebecca M. Lindell*
Rebecca M. Lindell
Michael Bell
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2000 S. Colorado Blvd.,Tower Three, Suite 900
Denver, CO 80222
Tel: (303) 764-6800
Fax: (303) 831-9246
E-mail: mike.bell@ogletree.com
E-mail: rebecca.lindell@ogletree.com

*Attorneys for Defendant*